# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00309-MR

| | |
|---|---|
| MARY YVONNE SHIPMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10], Defendant's Motion for Summary Judgment [Doc. 12], and Plaintiff's Motion to Remand [Doc. 15].

## I.  PROCEDURAL HISTORY

The Plaintiff, Mary Yvonne Shipman ("Plaintiff"), filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act, alleging an onset date of March 31, 2014. [Transcript ("T.") at 10]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 146, 159]. Upon Plaintiff's request, a hearing was held on December 22, 2016 before an Administrative Law Judge ("ALJ"). [T. at 35-74]. On March 17, 2017, the

ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged amended onset date March 31, 2014. [T. at 7-28]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

3

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged amended onset date, March 31, 2014. [T. at 12]. At step two, the ALJ found that the Plaintiff has severe impairments including spine disorder, dyskinesia of esophagus, obesity, affective disorder, anxiety disorder, and post-traumatic stress disorder. [T. at 13]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The [Plaintiff] can never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance, stoop, or crouch, but can never kneel or crawl; she can have occasional exposure to extreme heat, use of moving machinery; and no exposure to unprotected height. The [Plaintiff] is limited to work involving simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes. The [Plaintiff] is capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; she can perform simple tasks for two-hour blocks of time with normal rest breaks during an 8-hour workday; with only occasional interaction with the public and coworkers.

6

[T. at 15-6].

At step four, the ALJ identified Plaintiff's past relevant work as a cashier. [T. at 21]. The ALJ observed, however, that the Plaintiff is "unable to perform her past relevant work." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including laundry folder, cleaner/polisher, and electronics worker. [T. at 22]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from March 31, 2014, the alleged amended onset date, through March 22, 2017, the date of the ALJ's decision. [T. at 23].

## V. DISCUSSION[1]

### A. Motion to Remand

Four months after filing her Motion for Summary Judgment, and eight months after filing this appeal, Plaintiff filed a separate "Motion for Remand." [Doc. 15].

Plaintiff argues that her case must be remanded based on the Supreme Court's reasoning in Lucia v. SEC, 138 S. Ct. 2044, 201 L.Ed.2d

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

464 (2018). [See Docs. 15, 16, 20]. The thrust of the Plaintiff's argument appears to be that the process for appointing ALJs to adjudicate Social Security claims is not in compliance with the Appointments Clause of the Constitution, Article II, Section 2. Plaintiff therefore concludes that she is entitled to a new hearing before a properly appointed officer, once such officer can be installed. [Doc. 16 at 2-3]. In Lucia the Supreme Court held that the ALJs of the Securities and Exchange Commission, by the nature of their duties, are "Officer[s] of the United States," and therefore must be nominated by the President and confirmed by the Senate, or otherwise installed consistent with the Appointments Clause. 138 S. Ct. at 2055. Plaintiff asserts (with little explanation) that the holding in Lucia applies equally to Social Security ALJs.

In Lucia, however, the Supreme Court held that "*one who makes a timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." 138 S. Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182–183, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)) (emphasis added). In that case, the plaintiff timely contested the validity of the ALJ's appointment by raising the challenge before the Securities and Exchange Commission, as well as in the Court of Appeals and the Supreme Court. Id. In the present case, however, Plaintiff has

8

forfeited this issue by failing to raise it during her administrative proceedings. See Garrison v. Berryhill, No. 1:17-cv-00302-FDW, 2018 WL 4924554 (W.D.N.C. Oct. 10, 2018) (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)). For these reasons, the Court will deny Plaintiff's Motion to Remand [Doc. 15] and will address the arguments made by the parties in their summary judgment motions.

### B. Motion for Summary Judgment

The Plaintiff asserts two assignments of error. First, the Plaintiff argues that the ALJ "failed to properly assess the Plaintiff's vocational limitations as required by ruling case law." [Doc. 11 at 14]. Second, the Plaintiff argues that the ALJ "failed to properly assess the effect of the fully favorable Medicaid decision in the file as required by ruling case law." [Id.]. After asserting these two assignments of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignment of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Sneden v. Berryhill, No. 1:17-CV-00030-MR, 2018 WL 1385790, at *3

(W.D.N.C. Mar. 19, 2018) (Reidinger, J.); Curry v. Berryhill, No. 1:16-CV-00388-MR, 2018 WL 1277746, at *4 (W.D.N.C. Mar. 12, 2018) (Reidinger, J.); Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the

extent that the Plaintiff attempts to weave any other legal arguments or errors into her sole assignment of error, the Court disregards those arguments.[2]

### 1. The ALJ's Assessment of Vocational Limitations

The Plaintiff asserts as her first assignment of error that the ALJ "failed to properly assess the Plaintiff's vocational limitations as required by ruling case law."

Though it is far from clear, in arguing that the ALJ "failed to properly assess the Plaintiff's vocational limitations," Plaintiff appears to be asserting that the ALJ failed to correctly assess what jobs may be available to Plaintiff, given her RFC. In order to answer this question, the ALJ sought the opinion of the VE.[3] In questioning a VE, an ALJ must pose hypothetical questions

---

[2] Plaintiff's argument based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), is completely off the mark. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638 (citation and internal quotation marks omitted). Here, however, the ALJ's findings did not simply limit Plaintiff to simple, routine tasks, or unskilled work. Rather, the ALJ's findings provided specific restrictions with respect to Plaintiff's impairments and vocational limitations, discussed the evidence of record and inconsistencies at length, and made credibility determinations. [See T. at 15-21]. In so finding, the ALJ sufficiently explained his determinations, which are supported by substantial evidence in the record. [Id.]. As such, Mascio is simply not applicable to this case.

[3] Curiously, at the beginning of her argument regarding her first assignment of error, the Plaintiff presents quotes from the transcript of the testimony from the Plaintiff and the Plaintiff's mother concerning the Plaintiff's mental health. [Doc. 11 at 14]. Plaintiff, however, then abruptly transitions to her argument regarding the VE and never again picks up the thread of the mental health issues. Plaintiff does not even mention the application of the "special technique" of 20 CFR §§ 404.1520a, 416.920a, much less assign error regarding such issue. Such a haphazard, stream-of-consciousness brief is

that are based upon a consideration of all relevant evidence of record regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the VE:

> [I]f you would assume a hypothetical individual who is able to lift up to 20 pounds occasionally, lift and carry up to ten pounds frequently, stand or walk for approximately six hours per eight hour workday and sit for approximately six hours per eight hour workday with normal breaks, who can occasionally climb ladders, ropes, scaffolds, ramps, or stairs, occasionally balance, stoop, crouch, kneel, or crawl, who is limited to occasional exposure to extreme heat, use of moving machinery, and exposure to unprotected heights, and whose work is limited to simple routine and repetitive tasks performed in a work environment free of fast paced production requirements involving only simple work related decisions, and with few, if any, workplace changes, who is capable of learning simple vocational tasks, and completing them at an adequate pace with persistence in a vocational setting. The individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour workday, who has only occasional interaction with the public and only occasional interaction with coworkers. Can an individual with these limitations perform the [Plaintiff]'s past work as she performed it or as customarily performed?

---

difficult to follow and avails the Plaintiff nothing for want of any clearly articulated assignments of error.

[T. at 70-1]. The VE responded in the negative, indicating that the Plaintiff would not be able to perform her past work as a cashier. [T. at 71]. The ALJ then asked, "assum[ing] a person the "[Plaintiff]'s age, education, work experience, and skill set who has those limitations, would there be jobs available?" [Id.]. The VE responded in the affirmative, indicating that the following jobs would be available: laundry folder (397,000 jobs in the United States economy); cleaner and polisher (91,000 jobs in the United States economy); and electronics worker (41,000 jobs in the United States economy). [Id.].

The ALJ then posed a second hypothetical with the same limitations except for limiting the Plaintiff: to never climb ladders, ropes, or scaffolds; to never kneel or crawl; and no exposure to unprotected heights. [T. at 71-2]. The VE responded that an individual with such limitations would be able to perform the same work as identified for the ALJ's first hypothetical. [Id.].

The second hypothetical posed by the ALJ properly sets forth each of the limitations identified by the ALJ in the RFC. The VE in turn responded that there were still jobs in substantial numbers in the national economy that a person with those limitations could perform. The Plaintiff has not identified any specific limitation that is supported by the record but that was not addressed in the RFC. Further, the Plaintiff does not contend that the VE's

13

testimony in response to the ALJ's hypothetical was in any way erroneous. For these reasons, the Court concludes that the ALJ did not err in his evaluation of the VE's testimony.

For these reasons, the Plaintiff's first assignment of error is without merit.

## 2. The ALJ's Assessment of the Medicaid Decision

In her second assignment of error, the Plaintiff asserts that the ALJ erred by failing "to properly assess the effect of the fully favorable Medicaid decision in the file as required by ruling case law." [Doc. 11 at 14].

On May 11, 2016, the North Carolina Department of Health and Human Services ("NCDHHS") issued a decision finding the Plaintiff disabled and awarding her Medicaid benefits. [T. at 265-272]. Specifically, the hearing officer found that the Plaintiff's "severe impairments of post-traumatic stress disorder (PTSD), major depressive disorder, and panic disorder with agoraphobia significantly limit the [Plaintiff]'s ability to do basic work activities." [T. at 270]. Plaintiff argues that the ALJ's decision, in assigning less than "substantial weight" to the NCDHHS decision, fails to provide persuasive, specific, valid reasons for doing so that are supported by the record. [See Doc. 14].

The ALJ is required to "evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies." Woods v. Berryhill, 888 F.3d at 686, 691 (4th Cir. 2018) (citing SSR 06–03p, 71 Fed. Reg. 45,593, 45,596 (Aug. 9, 2006)). As the Fourth Circuit observed in Woods, decisions made by "[b]oth NCDHHS and Social Security disability insurance benefits 'serve the same government purpose of providing benefits to persons unable to work because of a serious disability.'" 888 F.3d at 692 (quoting in part Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 334 (4th Cir. 2012)). This does not mean, however, that determination of disability made by another governmental or nongovernmental agency is *binding* on the ALJ. 20 C.F.R. § 404.1504. When assigning less than "substantial weight" to such a determination, it is incumbent on the ALJ to adequately explain his reasoning for doing so by providing "persuasive, specific, valid reasons for doing so that are supported by the record." Woods 889 F.3d at 692-93; see also SSR 06–03p.[4]

---

[4] The Social Security Administration's rescission of SSR 06-03p became effective for claims filed on or after March 27, 2017. 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017). In the present case, the Plaintiff filed her claim prior to March 27, 2017. As such, SSR 06-03p still applies.

Here, contrary to Plaintiff's argument, the ALJ did not simply assign little weight to the Medicaid eligibility without any explanation. Rather, the ALJ provided specific reasons as to why the Medicaid decision was being afforded little weight. [T. at 19]. Specifically, the ALJ explained:

> Lastly, I grant the State of North Carolina Medicaid eligibility determination little weight. (6D; 7D). The finding that the severity of the [Plaintiff]'s mental impairments met a listing was made under the prior listings and thus has limited relevance to a decision under the current mental listings. Further, the determination was clearly based on a far more limited record, as it only addressed the period beginning June 2015.

[Id.]. The ALJ adequately explained why the Medicaid decision was assigned less than 'substantial weight' by specifically noting the changes in the listings since the Medicaid decision, as well as the limited record available at the time of Medicaid decision. There is substantial evidence in the record to support the ALJ's assignment of only little weight to the Medicaid decision.

For these reasons, the Plaintiff's second assignment of error is without merit.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 15] and Motion for Summary Judgment [Doc. 10] are **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 12] is

**GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: January 22, 2019

Martin Reidinger
United States District Judge